Carter R. Qi, Esq.
QI & ASSOCIATES, P.C.
38-08 Union Street, Suite 12C
Flushing, New York 11354
Tel:     (646) 491-6688
Email: CQI@QILAWPC.COM
ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XINSHENG QI and JIAJUN ZHAO, on behalf of themselves and all other similarly situated employees,<br><br>                              Plaintiffs,<br><br>     -against-<br><br>BAYSIDE CHICKEN LOVERS INC. d/b/a CHICKEN LOVERS and SELINA LAU,<br><br>                              Defendants. | Civil Action No.: 1:21-cv-06018-MKB |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

i

## **TABLE OF CONTENTS**

I.  SUMMARY OF ARGUMENTS ............................................................................................. 1

II.  STANDARD OF REVIEW ................................................................................................... 2

    A.  Motion To Dismiss Pursuant To Rule 12(B)(1) ................................................................ 2

    B.  Motion To Dismiss Pursuant To Rule 12(B)(6) ................................................................ 2

III.  LEGAL ARGUMENT .......................................................................................................... 3

    A.  Plaintiffs Have Adequately Plead Their Claim Eligibility Covered Under The FLSA Through Its Enterprise Coverage. ........................................................................................ 3

    B.  Plaintiffs Have Sufficiently Pleaded an Employment Relationship .................................. 6

    C.  Plaintiff Zhao Has Sufficiently Pleaded Claims for Unpaid Minimum Wages Under FLSA ..................................................................................................................................... 8

    D.  Plaintiffs have adequately pleaded claims for a collective action because Plaintiffs clearly have a standing to assert such claim individually or on behalf of a collective members. .......... 9

    E.  Plaintiff Zhao has adequately pleaded claims for a spread of hour claim under NYLL. . 10

    F.  In the unlikely event this Court finds Plaintiffs' Complaint Deficient in some respect, Plaintiffs Request permission to Amend. .................................................................................. 11

IV.  CONCLUSION .................................................................................................................. 11

## **TABLE OF AUTHORITIES**

### CASES

*Ashcroft v. Iqbal,*
　556 U.S. 662 (2009) .................................................................................................................. 3

*Aurecchione v. Schoolman Transp. Sys., Inc.,*
　426 F.3d 635 (2d Cir. 2005) ...................................................................................................... 2

*Bell Atl. Corp. v. Twombly,*
　550 U.S. 533 (2007) .................................................................................................................. 3

*Benitez v. F & V Car Wash, Inc.*
　2012 U.S. Dist. LEXIS 57520 (E.D.N.Y Apr. 24, 2012) ........................................................... 4

*Blaskiewicz v. Cnty of Suffolk, 2*
　9 F.Supp.2d 134 (E.D.N.Y. 1998) ........................................................................................... 11

*Canelas v. World Pizza, Inc.*
　2017 U.S. Dist. LEXIS 50615 (S.D.N.Y. Mar. 31, 2017) ........................................................ 10

*Chichinadze v. BG Bar Inc.,*
　517 F.Supp. 3d 240 (S.D.N.Y. 2021) ...................................................................................... 10

*Conley v. Gibson,*
　355 U.S. 41 (1957) .................................................................................................................... 8

*Doe v. Four Bros. Pizza,*
　2013 U.S. Dist. LEXIS 16470 (S.D.N.Y November 18, 2013) ................................................. 6

*Enron Oil Corp. v. Diakuhara,*
　10 F.3d 90 (2nd Cir. Dec. 1993) ................................................................................................. 5

*Foman v. Davis,*
　371 U.S. 178 (1962) ................................................................................................................ 11

*Guanglei Jiao v. Shang Shang Qian Inc.,*
　2020 U.S. Dist. LEXIS 144888 (E.D.N.Y. 2020) ..................................................................... 5

*Gunawan v. Sake Sushi Rest.,*
　897 F. Supp 2d 76 (E.D.N.Y. Sept. 24, 2012) ........................................................................... 5

*Harrison v. NBD Inc.,*
　990 F. Supp. 179 (E.D.N.Y. 1998) .......................................................................................... 11

*JTE Enters. V. Cuomo,*
　2 F. Supp. 3d 333 (E.D.N.Y 2014) ............................................................................................ 2

*Kaye v. Orange Reg'l Med. Ctr.,*
   975 F. Supp. 2d 412 (S.D.N.Y. 2013) ................................................................... 2, 3

*Krieger v. Fadely,*
   211 F.3d 134 (D.C. Cir. 2000). ................................................................................ 8

*Makarova v. United States,*
   201 F3d 110 (2d Cir. 2000)....................................................................................... 2

*Marcelion v. 374 Food, Inc.*
   2018 U.S. Dist. LEXIS 51582 (S.D.N.Y Mar. 27, 2018) ......................................... 10

*Mendez v. MCSS Rest. Corp.,*
   2021 U.S. Dist. LEXIS 192349 (E.D.N.Y. Sep. 30, 2021)....................................... 10

*Ramos v. Engels,*
   2016 U.S. Dist. LEXIS 73601 (E.D.N.Y. June 3, 2016) .......................................... 11

*Seleven v. New York Truway Authrority,*
   584 F. 3d 82 (2d Cir. 2009)....................................................................................... 2

*Swierkiewicz v. Sorema N.A.,*
   534 U.S. 506 (2002) .................................................................................................. 8

*Trans World Airlines, Inc. v. Thurston,*
   469 U.S. 111 (1985).................................................................................................. 8

*Velez v. Vassalo,*
   203 F. Supp. 2d 312 (S.D.N.Y. 2002) ...................................................................... 4

*Zaldivar v. Anna Bella's Café, LLC,*
   2012 U.S. Dist. LEXIS 25695 (E.D.N.Y. 2012)........................................................ 4

**STATUTES**

29 U.S.C. §216(b) ............................................................................................................ 6

Fed. R. Civ. P. 12(b)(1).............................................................................................. 1, 2

Fed. R. Civ. P. 12(b)(6)................................................................................................... 1

**REGULATIONS**

29 C.F.R. § 778.109 ........................................................................................................ 9

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiffs, Xinsheng Qi and Jiajun Zhao, (collectively "Plaintiffs") submit this memorandum of law in opposition to Defendants, Bayside Chicken Lovers Inc. and Selina Lau's, ("Bayside Chicken" or "Mrs. Lau", collectively "Defendants" or "Employer") motion to dismiss the First Amended Complaint ("First Amended Complaint") pursuant to *Fed. R. Civ. P. 12(b)(1)* and *Fed. R. Civ. P. 12(b)(6)*. As set forth below, Plaintiffs' First Amended Complaint more than satisfies the minimal pleading standard for all claims. In addition, the Court has subject-matter jurisdiction, as well as supplemental jurisdiction over Plaintiffs' state law claims. Therefore, Defendants' motion must be denied.

### I.   SUMMARY OF ARGUMENTS

1. Plaintiffs' initial complaint and First Amended Complaint (collectively "Complaints") contained sufficient factual allegations that Plaintiffs are employees of the Defendants, covered under the enterprise coverage, for their claims under both Fair Labor Standards Act's ("FLSA") minimum wage and overtime requirements.

2. Plaintiff Jiajun Zhao adequately alleged his basis for his FLSA minimum wage claim. Defendants have blatantly reached a wrongful conclusion that the federal required statutory rate of pay is $290.00 per week with clear and obvious misunderstanding of the law and basic mathematic calculation.

3. Plaintiff Jiajun Zhao adequately alleged his basis for his Spread of Hour claim under New York State Labor Law. Defendants' motion is pre-matured at current stage.

1

## II.     STANDARD OF REVIEW

### A. *Motion To Dismiss Pursuant To Rule 12(B)(1)*

Pursuant to *Fed. R. Civ. P. 12(b)(1)*, a party may assert the defense that the Court lacks subject-matter jurisdiction by motion. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F3d 110, 113 (2d Cir. 2000). "A district court, …, may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113. "The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard…except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *JTE Enters. V. Cuomo*, 2 F. Supp. 3d 333, 337-338 (E.D.N.Y 2014) (citing *Makarova*, 201 F.3d at 113) "In adjudicating a motion to dismiss for lack of subject matter jurisdiction to Rule 12(b)(1), the court may consider matters outside the pleadings." *Makarova*, 201 F.3d at 113. And "all ambiguities must be resolved and inferences drawn in favor of the Plaintiff." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### B. *Motion To Dismiss Pursuant To Rule 12(B)(6)*

"It is well-established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is 'plausible on its face'." *JTE Enters.*, 2 F. Supp. 3d at 338. When presented with a motion to dismiss under Rule 12(b)(6), a court should "construe plaintiffs' complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." *Seleven v. New York Truway Authrority*, 584 F. 3d 82, 88 (2d Cir. 2009) (Citation omitted). "[A] complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…" *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 417-18 (S.D.N.Y. 2013)

2

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 533, 555 (2007)). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing B*ell Atl. Corp.*, 550 U.S. at 555)). Plaintiffs must allege "only enough facts to state a claim to relief that is plausible on its face…[to]…nudge his or her claims across the line from conceivable to plausible…" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 570); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.")

### III.   LEGAL ARGUMENT

#### A. *Plaintiffs Have Adequately Plead Their Claim Eligibility Covered Under The FLSA Through Its Enterprise Coverage.*

"Under [Fed. R. Civ. P.] 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 667-678, (2009). "The pleading standard Rule 8 announces does not require "detail factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. (Citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

Plaintiffs' First Amended Complaint clearly satisfies this liberal pleading requirement. Plaintiffs alleged that "Corporate Defendant Bayside Chicken Lovers Inc.…is a domestic-corporation duly organized and existing under the laws of the State of New York with a principal address at 215-09 Northern Blvd, Queens New York 11361… [and]… Corporate Defendant Chicken Lovers owns and operates a restaurant…" (First Amended Complaint, para. 10-11) In addition, Plaintiffs even provided a further detailed factual allegation that "For instance, Corporate Defendant Chicken Lovers has employees who perform duties including purchasing and handling equipment and supplies originated or produced outside of the State of New York."

3

(First Amended Complaint, para. 12) These are the exact "short and plain statement" required under Rule 8(a)(2), unlike what Defendants maliciously suggested in their Motion that these are mere conclusory legal conclusions. Plaintiffs' allegations contain: 1. the nature of the enterprise, a "restaurant"; 2. the location of the enterprise, "with a principal address at 215-09 Northern Blvd, Queens New York 11361"; 3. the business organization of the enterprise, "a domestic-corporation duly organized and existing under the laws of the State of New York"; and most importantly, the qualification of the enterprise under FLSA, "has employees who perform duties including purchasing and handling equipment and supplies originated or produced outside of the State of New York." (First Amended Complaint, para. 10-12) Rule 8(a)(2) does not require a vivid or colorful descriptive statement, rather a "short and plain statement". Plaintiff Qi further stated that "[his] duties involved cooking food, setting up kitchen and preparing ingredients" which gives rise to the basis of his allegation of "handling equipment and supplies originated or produced outside of the State of New York." (First Amended Complaint, para. 12 & 29)

In addition, the Honorable Dora L. Irizarry of the Eastern District of New York, has noticed and held that "…after review of recent case law in this [second] Circuit, the court concurs with Plaintiffs and concludes that the questions of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability." *Benitez v. F & V Car Wash, Inc.*, 2012 U.S. Dist. LEXIS 57520, at 2-3 (E.D.N.Y Apr. 24, 2012). "Notwithstanding the evidence presented by Defendants to suggest that the Corporation is not an enterprise engaged in commerce, Plaintiff's failure to make this showing does not deprive this Court of subject matter jurisdiction." *Zaldivar v. Anna Bella's Café, LLC*, 2012 U.S. Dist. LEXIS 25695 (E.D.N.Y. 2012) (Citing *Velez v. Vassalo*, 203 F. Supp. 2d 312, 332 (S.D.N.Y. 2002))

4

Plaintiffs also want to point to the Court's attention that the only relevant legal precedent, Defendants cited in their memo regarding enterprise coverage, was not for a motion to dismiss, but a motion for a default judgment, which has entirely different legal standards. In Defendants' cited legal precedent, *Guanglei Jiao v. Shang Shang Qian Inc.*, 2020 U.S. Dist. LEXIS 144888 (E.D.N.Y. 2020) Honorable Magistrate Judge Vera M. Scanlon reported and recommended that "This Court is not alone in requiring more than a conclusory assertion that defendant is a business engaged in interstate commerce [for the purpose of deciding a motion for default judgment]." Hon. Scanlon expressly gave her rationale that "This Court declines to follow cases to the contrary because they are in tension with the presumption against default and the well-established requirement that factual allegations be well-pleaded to enter default judgment." *Id.* at 29-30 (Citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2nd Cir. Dec. 1993)) Hon. Scanlon furthered, "[I]nferring an interstate commerce nexus from nothing more than the general description of an employer's business – however likely the conclusion may seem – is in tension with both the presumption against default and the purpose of [Fed. R. Civ. P.] 55." *Guanglei Jiao*, 2020 U.S. Dist. LEXIS 144888 at 30 (Citing *Gunawan v. Sake Sushi Rest.*, 897 F. Supp 2d 76, 85-86 (E.D.N.Y. Sept. 24, 2012))

Defendants' own argument of "Not all goods from out-of-state qualify: 'Goods' [for the purpose of FLSA enterprise coverage determination]." (Defendants' Memo of Law, Page 4) is even in furtherance of Plaintiffs' contentions here, that enterprise coverage eligibility is subject to discovery and shall be resolved at trial. Plaintiff Qi stated that "his duties involved cooking food, setting up kitchen and preparing ingredients," which provided the factual basis of his knowledge that he handled "equipment and supplies originated or produced outside of the State of New York." (First Amended Complaint, para. 12 & 29) However, Plaintiff Qi held no

5

managerial position in the enterprise, therefore, he lacks the ability to pinpoint exactly what goods are the qualified "Goods". It would be inherently unfair and unjust to ask Plaintiffs to identify and prove each and every element to a claim during pleading stage. Therefore, Plaintiffs have adequately plead they are covered under FLSA through enterprise coverage.

For the reason stated above, Defendants' motion to dismiss must be denied.

### B. *Plaintiffs Have Sufficiently Pleaded an Employment Relationship*

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquated damages….An action to recover the liability prescribed in the preceding sentences may be maintained against any employer [..] in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *29 U.S.C. §216(b)* "Although it has not address the precise issue here, the Supreme Court has recognized that Section 216(b) establishes the jurisdiction of the federal courts over FLSA actions." *Doe v. Four Bros. Pizza*, 2013 U.S. Dist. LEXIS 16470, at 15 (S.D.N.Y November 18, 2013) "[…The] FLSA's employer-relationship language appears in a statutory provision that plainly 'speak[s] in jurisdictional terms,' by addressing the jurisdiction of the federal court to hear claims arising under the FLSA." *Id.* at 16. When "considering the plain language of Section 216(b)…Congress intended an employment relationship to be a jurisdictional prerequisite under the FLSA." *Id.* at 17.

Plaintiffs have clearly and sufficiently pleaded an employment relationship existed here. Plaintiff Qi stated that he worked for the Defendants "[f]rom October 17, 2016 to March 30, 2021" with an temporarily leave between "March 18, 2020 to June 30, 2020" due to COVID shutdown in New York. (First Amended Complaint, para. 28) Plaintiff Qi further stated that he

6

worked from "8:00 A.M. to 7:30 P.M." "six days a week." (First Amended Complaint, para. 30) He was employed as a "chef", whose duties "involved cooking food, setting up kitchen and preparing ingredients." And he was paid at a flat rate of "$2,300.00 per month" from October 2016 to November 2017, "$2,600.00 per month" from December 2017 to November 2018, "$2,700.00 per month" from December 2018 to November 2019, "$2,800.00 per month" from December 2019 to March 2020 and "$3,000.00 per month" from August 2020 to March 2021. (First Amended Complaint, para. 28, 29, 30, 32, 33, 34, 35 and 36) Plaintiff Qi's allegation clearly and sufficiently pleaded an employment relationship with the Defendants.

Plaintiff Zhao stated that he worked for the Defendants "[f]rom November 20, 2017 to January 17, 2020" as a "delivery person" whose duties "involved delivering take-out food orders and preparing ingredients." (First Amended Complaint, para. 41 & 42) He also stated that he worked "from 10:00 A.M. to 8:30 P.M…six days a week…[and] was paid at a flat rate of $60 per day." (First Amended Complaint, para. 43 & 45) Plaintiff Zhao's allegation also clearly and sufficiently pleaded an employment relationship with the Defendants.

In addition, Defendants never asserted any factual allegations or presented any evidence to dispute this employment relationship in their Motion. Therefore, the Court must accept all factual allegation as truth and draw all reasonable inferences in Plaintiffs' favor during pleading stage.

It is alarming that Defendants attempted to muddy coverage eligibility (enterprise coverage) into employment relationship required under FLSA. Congress has clearly intended to treat coverage eligibility and employment relationship differently, as Congress purposefully used the words "Employer and Employee" instead of "Enterprise" in the language of Section 216(b) of the FLSA. Even if Defendants' intention was to ask the Court to deviate from those previous

7

mentioned long-settled legal precedents that coverage eligibility is not a jurisdictional issue, Defendants failed to make any legal basis or policy reasons in their Motion.

For the reasons stated above, Defendants' motion must be denied.

### C. *Plaintiff Zhao Has Sufficiently Pleaded Claims for Unpaid Minimum Wages Under FLSA*

The Supreme Court "has never indicated that the requirements for establishing a prima facie case…apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). It is well-settled that Rule 8(a)(2) never requires plaintiffs to plead "all the elements of a prima facie case" *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121, 83 L.Ed. 2d 523, 105 S. Ct. 613 (1985). Rather Rule 8(a)(2) only requires the complaint to include "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz*, 534 U.S. 506, at 512 (2002) And, the complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 2 L.Ed.2d 80,78 S. Ct. 99 (1957). Rule 8(a)(2) also does not requires plaintiffs to "plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000).

Here, Plaintiff Zhao stated that his "calculated (regular) hourly wage was $6.00" per hour for the entire duration of his employment. (First Amended Complaint, para. 45) Plaintiff Zhao also alleged that "Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, … for all of the hours they worked." (First Amended Complaint, para. 65) Plaintiff Zhao even presented a detailed mathematic calculation to Defendants as to how he reached his conclusion that his hourly rate was $6.00 per hour. Plaintiff Zhao's factual allegation clearly showed that he is entitled to relief under FLSA and gave Defendants more than fair notice of what his claim is and the grounds upon which it rests.

8

Defendants was also completely incorrect about their assertions that "Plaintiff Zhao was paid more than the federal minimum wage." (Defendants' Memo, page 9-10) Plaintiff Zhao worked approximately "ten (10) hours a day for six (6) days a week…[and] was paid a flat rate of $60 per day." (First Amended Complaint, para 43 & 45) "[T]he regular hourly rate of pay of an employee is determined by dividing his total remuneration of employment…in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." *29 C.F.R. § 778.109*. "The formula to compute the regular rate is: Total compensation in the workweek ÷ Total hours worked in the workweek = Regular Rate for the workweek." Overview of the Regular Rate of Pay under the FLSA, https://www.dol.gov/agencies/whd/fact-sheets/56a-regular-rate. Hence, Plaintiff Zhao's regular rate of pay is ($60 per day X 6 days per workweek) ÷ (10 hours per day X 6 days per workweek) = $360 total compensation ÷ 60 total hours worked = $6.00 per hour. Plaintiff Zhao was clearly paid below the statutory minimum wage required under FLSA. Defendants completely ignored the fact, if not purposefully and maliciously, that Plaintiff Zhao was working 60 hours per workweek, not 40 hours. Plaintiffs had repeated reminded Defendants that their calculation was incorrect in their pre-conference request. However, it seemed like Defendants utterly chose to ignore the law and Plaintiffs' friendly reminder in their memo.

For the reasons stated above, Defendants' motion to dismiss must be denied.

D. ***Plaintiffs have adequately pleaded claims for a collective action because Plaintiffs clearly have a standing to assert such claim individually or on behalf of a collective members.***

For all the reasons cited in Section A, B and C, Plaintiffs have adequately pleaded claims for a collective action and Plaintiffs have a standing to assert such claims individually or on behalf of collective members

9

### E. *Plaintiff Zhao has adequately pleaded claims for a spread of hour claim under NYLL.*

For all the reasons cited in Section A, B and C, similarly, Plaintiff Zhao has adequately pleaded his spread of hour claim under NYLL.

For purpose of FLSA claims, when the employer failed to keep an accurate and adequate records, "'[E]stimates based on [the employee's] own recollection' suffice" M*endez v. MCSS Rest. Corp.*, 2021 U.S. Dist. LEXIS 192349 at \*21 (E.D.N.Y. Sep. 30, 2021) (Citing *Chichinadze v. BG Bar Inc.*, 517 F.Supp. 3d 240, 252 (S.D.N.Y. 2021)) "NYLL §196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplments." *Canelas v. World Pizza*, Inc. 2017 U.S. Dist. LEXIS 50615, at \*9 (S.D.N.Y. Mar. 31, 2017) However, unlike the FLSA, the NYLL "does not permit an employer to discharge this burden by undermining the reasonableness of an employee's evidence that he was underpaid. … The NYLL is more demanding: An employer must demonstrate by a preponderance of the evidence that it in fact paid its employees 'wages, benefits and supplements.'" *Marcelion v. 374 Food, Inc.* 2018 U.S. Dist. LEXIS 51582, at \*45 (S.D.N.Y Mar. 27, 2018)

"Plaintiff [Zhao] was employed as a delivery person… [his] duties involved providing delivering take-out food orders and preparing ingredients." (First Amended Complaint, para. 42) His "work schedule ran from 10:00 A.M. to 8:30 P.M." (First Amended Complaint, para. 43) As the nature of his work, Plaintiff Zhao's actual work hours fluctuated every day. Sometimes he had to work pass 8:30 P.M. to finish a delivery. and some other times, he could leave work after 8:00 P.M. and before 8:30 P.M. if no customer places take-out order after 8:00 P.M.. Therefore, Plaintiff Zhao estimated, to the best of his ability and recollection, that he worked around sixty

10

(60) hours a week on average. Defendants failed to provide any records or statements contesting Plaintiff Zhao's own recollection of weekly hours worked.

For the reasons stated above, Defendants' motion to dismiss must be denied.

### F. *In the unlikely event this Court finds Plaintiffs' Complaint Deficient in some respect, Plaintiffs Request permission to Amend.*

Although Plaintiffs believe the First Amended Complaint more than satisfies the liberal pleading standard for unpaid wages and unpaid overtime wages, in the unlikely event this Court finds it deficient in some respect, Plaintiffs respectfully request an opportunity to amend. Leave to amend the complaint "should, as the rules require, be freely given." *Ramos v. Engels*, 2016 U.S. Dist. LEXIS 73601, at *7 (E.D.N.Y. June 3, 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The court should freely give leave when justice so requires." *Id.* "The party opposing [an] amendment has the burden of establishing that leave to amend would be prejudicial or futile." *Ramos*, 2016 U.S. Dist. LEXIS 73601 at 7 (*citing Blaskiewicz v. Cnty of Suffolk*, 29 F.Supp.2d 134, 137 (E.D.N.Y. 1998) (*citing Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998)). Although Plaintiffs previously amended their complaint, these revisions were essentially equivalent to an initial filing because the First Amended Complaint was filed with Defendants' consent. Plaintiffs have therefore not had an opportunity to amend after receiving any guidance from this Court on what may be deficient. Defendant could face no possible prejudice by further amendments as it has not yet even submitted an Answer. Defendant also has no grounds with which to show that further amendments would be futile.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) should be denied in its entirety as Plaintiffs' Amended Complaint more than satisfies the minimal pleading standard.

Dated: March 23, 2022
       Flushing, New York

Respectfully submitted,

/s/ Carter R. Qi
Carter R. Qi, Esq.
Qi & Associates, P.C.
38-08 Union Street, Suite 12C
Flushing, New York 11354
Tel:    (646) 491-6688
Email: CQI@QILAWPC.COM
*Attorneys for Plaintiffs*