Clerk's Office
Filed Date: 3/24/23

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

XINSHENG QI and JIAJUN ZHAO, *on behalf of themselves and all other similarly situated employees,*

                Plaintiffs,

v.

BAYSIDE CHICKEN LOVERS INC. d/b/a CHICKEN LOVERS and SELINA LAU,

                Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
21-CV-6018 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiffs Xinsheng Qi and Jiajun Zhao, on behalf of themselves and other similarly situated employees, commenced the above-captioned collective action on October 29, 2021, against Bayside Chicken Lovers Inc., doing business as Chicken Lovers ("Chicken Lovers"), and Selina Lau. (Compl., Docket Entry No. 1.) Plaintiffs filed an Amended Complaint on December 28, 2021, alleging that Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, ("FLSA"); and violated the minimum wage, overtime, spread-of-hours, wage notice, and pay stub provisions of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"). (Am. Compl., Docket Entry No. 10.) On February 17, 2022, with consent of the parties, the Court dismissed Qi's FLSA minimum wage claims.[1] (Order dated February 17, 2022; *see also* Pls.' Resp. in Opp'n to Defs.' Req. for a Pre-Mot. Conference ("Pls.' PMC Opp'n"), Docket Entry No. 16.)

---

[1] Zhao's and Qi's FLSA overtime claims and Zhao's FLSA minimum wage claim are still pending before the Court.

Defendants now move to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiffs oppose the motion.[2]  For the reasons set forth below, the Court dismisses the Amended Complaint for failure to state a claim.  The Court grants Plaintiffs leave to file a second amended complaint within thirty days of the filing of this Memorandum and Order.

**I.  Background**

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

  **a.  The parties**

Chicken Lovers, a domestic corporation organized under New York state law, owns and operates a restaurant in Queens, New York and annually exceeds $500,000 in gross revenue. (Am. Compl. ¶¶ 10–11.)  During the times relevant to Plaintiffs' allegations, "Chicken Lovers purchased and handled goods [that] moved in interstate commerce."  (*Id.* ¶ 12.)  Qi worked as a chef at Chicken Lovers from October 17, 2016 until March 17, 2020, and again from July 1, 2020 until March 30, 2021.  (*Id.* ¶¶ 8, 28.)  Qi's "duties involved cooking food, setting up [the] kitchen and preparing ingredients."  (*Id.* ¶ 29.)  Zhao worked as a delivery person at Chicken Lovers from November 20, 2017 until January 17, 2020.  (*Id.* ¶ 9.)  Zhao's "duties involved providing deliver[y] take-out food orders and preparing ingredients."  (*Id.* ¶ 42.)  Lau is Chicken Lovers' sole owner.  (*Id.* ¶ 14.)  Lau has power over personnel decisions at Chicken Lovers,

---

[2] (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 19; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 20; Pls.' Mem. in Opp'n to Defs.' Mot. ("Pls.' Opp'n"), Docket Entry No. 22; Defs.' Reply Mem. in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 23.)

including the hiring, firing, supervision, and payment of employees, determining employees' work schedules, and maintaining Chicken Lovers' employment records. (*Id.* ¶ 15.)

### b. Plaintiffs' compensation

Plaintiffs contend that Defendants did not pay them their proper wages and overtime compensation. (*Id.* ¶ 21.) They allege that Defendants did not "provide Plaintiffs with [a] Time of Hire Notice detailing [their] rates of pay and payday[s]" or "paystub[s] that list[] [an] employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, and the employee's gross and net wages for each pay day." (*Id.* ¶ 23.) Defendants also "failed to keep full and accurate records of Plaintiffs' hours and wages," (*id.* ¶ 25), "in order to mitigate liability for their wage violations," (*id.* ¶ 26).

Qi contends that he worked six days per week "from 8:00 A.M. until 7:30 P.M. without an adequate break." (*Id.* ¶ 30.) Defendants paid Qi in biweekly installments at flat monthly rates for the following periods: (1) $2,300 per month from October 17, 2016 until November 30, 2016, (*id.* ¶ 32); (2) $2,600 per month from December 1, 2017 until November 30, 2018, (*id.* ¶ 33); (3) $2,700 per month from December 1, 2018 until November 30, 2019, (*id.* ¶ 34); (4) $2,800 per month from December 1, 2019 until March 17, 2020, (*id.* ¶ 35); and (5) $3,000 per month from August 1, 2020 until March 30, 2021, (*id.* ¶ 36). Qi further contends that Chicken Lovers did not pay him in accordance with New York's minimum wage laws, (*id.* ¶ 37), and did not compensate him at a rate of time-and-a-half for the hours he worked above forty each workweek, (*id.* ¶ 38).[3]

---

[3] New York's hourly minimum wage was $9 in 2016, (Am. Compl. ¶ 32), $10.50 in 2017, (*id.* ¶ 33), $12.00 in 2018, (*id.* ¶ 34), $13.50 in 2019, (*id.* ¶¶ 34, 35), and $15 in 2020 and 2021, (*id.* ¶ 36).

Defendants also did not compensate Qi in accordance with "New York's 'spread of hours' premium for shifts that lasted longer than ten (10) hours." (*Id.* ¶ 40.)

Zhao worked six days per week "from 10:00 A.M. until 8:30 P.M. without an adequate break." (*Id.* ¶ 43.) Defendants paid Zhao weekly at a rate of $60 per day for the duration of his employment. (*Id.* ¶ 45.) Zhao contends that Defendants did not compensate him (1) in accordance with New York's minimum wage laws, (*id.* ¶ 46); (2) for "at least one-and-one-half of the minimum wage or his calculated hourly wage" for the hours he worked above forty each workweek, (*id.* ¶ 47); or (3) in accordance with "New York's 'spread of hours' premium for shifts that lasted longer than ten (10) hours," (*id.* ¶ 49).

Plaintiffs contend that their experiences working for Defendants were not uncommon. They contend that Defendants had "a policy of not paying Plaintiffs and other similarly situated employees" the overtime wages mandated by FLSA and the NYLL, (*id.* ¶ 50); and "a policy of not paying the New York State 'spread of hours' premium to Plaintiffs and other similarly situated employees," (*id.* ¶ 51).

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam)

(quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

  ii. **Rule 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (same). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (quoting *Iqbal*, 556 U.S. at 678).

    b.   **Plaintiffs' FLSA claims**

Defendants argue that Plaintiffs' minimum wage and overtime claims pursuant to the FLSA should be dismissed for failure to state a claim because Plaintiffs do not sufficiently allege in the Amended Complaint (1) individual coverage, (Defs.' Reply 1); or (2) enterprise coverage under the FLSA, (Defs.' Mem. 1). In support, Defendants contend that Plaintiffs fail to allege individual coverage because "[P]laintiffs' nexus with commerce is inadequately alleged," (*id.* at 2), since Zhao does not claim to have "delivered to any out-of-state destinations" and Qi does not allege that his work as a chef for Defendants involved him having contact with out-of-state customers, (*id.* at 3). With respect to enterprise coverage, Defendants argue that the allegations in the Amended Complaint are deficient and often merely "track[s] statutory language" while "provid[ing] no facts to show that the requirements of the FLSA are satisfied." (*Id.* at 5.) Defendants further argue that Plaintiffs' FLSA claims should be dismissed for lack of subject matter jurisdiction because "the failure of the amended complaint to satisfy individual or enterprise coverage is jurisdictional." (*Id.* at 6.)

Defendants proffer several alternative arguments for dismissal of Plaintiffs' FLSA minimum wage claims. First, Defendants contend that Zhao's FLSA minimum wage claims should be dismissed for failure to state a claim because the Amended Complaint's "allegations of

6

a federal minimum wage claim are . . . nonexistent." (*Id.* at 8.)  Second, Defendants contend that even if the Amended Complaint could be construed to state a FLSA minimum wage claim with respect to Zhao, he "was paid more than the federal minimum wage," defeating his claim. (*Id.* at 10.)  Defendants note that Zhao's weekly pay of "$360 is more than $290," the weekly pay of an individual who worked for forty hours per week at the federal minimum wage of $7.25 an hour. (*Id.* at 9.)  Third, Defendants argue that the collective action FLSA minimum wage claims should be dismissed for failure to state a claim because the Amended Complaint "contain[s] no allegation[] that members of the putative collective . . . are similarly situated to the named [P]laintiffs with respect to minimum wage claims." (*Id.* at 10.)  Lastly, Defendants assert that the collective action cannot be maintained because neither named Plaintiff has individual standing to pursue their FLSA minimum wage claims, as Qi's claim has been dismissed and Zhao's claim is defective, (*id.* at 13–14), and Plaintiffs "restate the law in conclusory fashion without supporting facts," (*id.* at 12).

Defendants also note that Zhao's contention that he worked an average of sixty hours each week means that he is ineligible for spread of hours compensation, which requires an excess of ten work hours on a given day. (*Id.* at 15–16.)  Defendants also argue that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims if Plaintiffs' FLSA claims are held deficient. (*Id.* at 6.)

Plaintiffs argue that their claims satisfy FLSA's pleading requirements with respect to enterprise coverage because the allegations in the Amended Complaint include "the nature of the enterprise"; "the location of the enterprise"; "the business organization of the enterprise"; and "the qualification of the enterprise under FLSA." (Pls.' Opp'n 4.)  Plaintiffs also suggest that "enterprise coverage eligibility is subject to discovery" and should "be resolved at trial." (*Id.* at

7

5.) Further, Plaintiffs contend that asking them "to identify and prove each and every element" of their claims is "inherently unfair and unjust." (*Id.* at 6.) In addressing Defendants' FLSA minimum wage arguments with respect to Zhao, Plaintiffs note that Zhao alleges that Defendants paid him $6 per hour, which "clearly showed that he is entitled to relief under FLSA and [he] gave Defendants more than fair notice of what his claim is and the grounds upon which it rests." (*Id.* at 8.) Plaintiffs also argue that they "have adequately pleaded claims for a collective action" and "have [] standing to assert such claims individually or on behalf of" a class. (*Id.* at 9.) As to Defendants' spread of hours arguments, Plaintiffs state that Zhao may attest to his work hours on the basis of his memory and note that Defendants have not produced documentation contesting Zhao's claims. (*Id.* at 10–11.)

"The FLSA contains two primary worker protections: first, it guarantees covered employees a federal minimum wage; and second, it provides covered employees the right to overtime pay at a rate of one-and-a-half their regular rate for hours worked above forty hours a week." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 402 (2d Cir. 2019). To qualify as a covered employee, an employee must be either (1) "engaged in commerce or in the production of goods for commerce" (individual coverage) or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). 29 U.S.C. §§ 206(a), 207(a)(1); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 86 n.2 (2d Cir. 2013); *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) ("The FLSA requires that employers pay a premium or overtime wage . . . if an employee either: 1) 'is engaged in commerce or in the production of goods for commerce,' or 2) 'is employed in an enterprise engaged in commerce or in the production of goods for commerce.' The two categories are commonly referred to as 'individual' and 'enterprise' coverage." (quoting 29 U.S.C. § 207(a)(1))); *see also Liu v. Little*

8

*Saigon Cuisine Inc.*, No. 18-CV-2181, 2021 WL 4487839, at *10 (E.D.N.Y. Sept. 30, 2021) (defining coverage under the FLSA); *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-0544, 2021 WL 4340963, at *1 (E.D.N.Y. Sept. 23, 2021) (same).

The FLSA defines "enterprise engaged in commerce or in the production of goods for commerce," as a business that (1) has employees "engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has an annual gross revenue of at least $500,000. 29 U.S.C. § 203(s)(1)(A); *see Cardenas v. Edita's Bar & Rest., Inc.*, No. 17-CV-5150, 2021 WL 4480570, at *4–5 (E.D.N.Y. Sept. 30, 2021) (finding that enterprise coverage applied where a business sold alcohol that moved in commerce and grossed sales over $500,000 a year); *Mendez v. MCSS Rest. Corp.*, 564 F. Supp. 3d 195, 205–206 (E.D.N.Y. 2021) (defining the conditions for enterprise coverage). "[A]t the pleading stage, [p]laintiff[s] . . . need[] to provide sufficiently specific facts to allow the Court to infer that" goods handled by defendants' employees "originated outside of New York." *Soto v. Miss Laser Inc.*, No. 19-CV-4745, 2023 WL 319547, at *4 (E.D.N.Y. Jan. 19, 2023); *see also Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544, 2021 WL 4341103, at *4 (E.D.N.Y. June 23, 2021) (finding no enterprise coverage where a complaint "lack[ed] the necessary factual detail necessary to support a finding that Defendants are engaged in interstate commerce"), *report and recommendation adopted*, 2021 WL 4340963, at *1. As to the annual sales requirement, "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Soto*, 2023 WL 319547, at *4; *see also Quito v. Zheng*, 710 F. App'x 28, 29 (2d Cir. 2018) (noting that "annual sales exceeding $500,000 . . . is required for relief under the FLSA"); *Balderas v. Barmadon Mgmt. LLC*, No. 17-CV-7489, 2019 WL

9

1258921, at *3 (S.D.N.Y. Mar. 19, 2019) ("[B]y showing that the enterprise does the requisite dollar volume of business, i.e., $500,000 every year, the plaintiff is virtually guaranteed to satisfy the first prong." (internal quotation marks and citation omitted)).

Individual coverage requires "personal engagement in interstate commerce," meaning "work 'involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) *among the several States* or *between any State and any place outside thereof*.'" *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 353–54 (E.D.N.Y. 2015) (quoting 29 C.F.R. § 779.103). For individual coverage to be established, the employee's work involving interstate commerce must be substantial, *Jones v. SCO Family of Services*, 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016), and occur regularly, *Kim v. Kum Gang, Inc.*, No. 12-CV-6344, 2015 WL 2222438, at *22 n.48 (S.D.N.Y. March 19, 2015). Employees "bear[] the burden of establishing [their] individual coverage." *Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013). Assessing whether an employee has met the burden requires "a fact-specific inquiry into the employment actions of each and every employee asserting a claim under the Act." *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007), *aff'd*, 577 F.3d 93 (2d Cir. 2009).

### i. Plaintiffs fail to allege individual coverage

Plaintiffs have not adequately alleged that they were engaged in commerce or in the production of goods for commerce.[4] Qi claims that his duties as a chef at Chicken Lovers required him to "cook[] food, set[] up [the] kitchen[,] and prepar[e] ingredients." (Am. Compl. ¶

---

[4] In opposing Defendants' Motion to Dismiss, Plaintiffs do not allege individual coverage under the FLSA. (*See* Pls.' Opp'n 3–5 (alleging only enterprise coverage).) However, Plaintiffs disputed Defendants' individual coverage arguments in their opposition to Defendants' Motion for a Pre-Motion Conference. (*See* Pls.' PMC Opp'n 1–2.)

29.) Zhao claims that his "duties involved providing [and] delivering take-out food orders and preparing ingredients." (*Id.* ¶ 42.) Neither Qi's nor Zhao's duties, as currently alleged, establish that they were personally engaged in commerce for purposes of the FLSA because Plaintiffs have not alleged a sufficient connection to interstate activity. *See Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013) (observing that "work involv[ing] interstate activity" is a "basic element[] of a FLSA claim"); *Reagor v. Okmulgee Cnty. Family Res. Ctr.*, 501 F. App'x 805, 810 (10th Cir. 2012) (rejecting assertion of individual coverage where there was "no indication that out-of-state clients regularly or recurrently" were patrons of the plaintiff's employer); *Alvarado v. J.A. Vasquez Landscaping Corp.*, No. 20-CV-4005, 2022 WL 17775252, at *2 (E.D.N.Y. Feb. 9, 2022) (noting that plaintiffs who "did not have any contact with out-of-state customers or business . . . cannot be individually covered under the FLSA").

Plaintiffs claim that "Chicken Lovers has employees who perform duties including purchasing and handling equipment and supplies originated or produced outside of the State of New York." (Am. Compl. ¶ 12.) Even if the Court were to assume for purposes of individual coverage that Qi and Zhao handled equipment and supplies that originated or were produced outside New York State, their localized use of objects which moved in interstate commerce does not constitute engagement in interstate commerce. *See Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996, 2022 WL 842666, at *3 (E.D.N.Y. Mar. 22, 2022) ("Plaintiff cannot be found to be engaged in interstate commerce based on handling goods in interstate commerce as 'employees who handle goods after acquisition by a merchant for general local disposition are not engaged in commerce.'" (quoting *Mcleod v. Threlkeld*, 319 U.S. 491, 494 (1943))); *see also Eduoard v. Nikodemo Operating Corp.*, No. 18-CV-5554, 2019 WL 13219570, at *4 (E.D.N.Y. Oct. 22, 2019) (finding no individual coverage where a plaintiff "regularly handled" supplies and

11

products "that originated outside of New York"); *Jones*, 202 F. Supp. 3d at 351 (finding no individual coverage where the plaintiff made "allegations of regular use of items ordered from outside of New York").

### ii. Plaintiffs fail to allege enterprise coverage

Plaintiffs also fail to allege enterprise coverage. Plaintiffs sufficiently allege that Chicken Lovers has "gross sales in excess of [f]ive [h]undred [t]housand [d]ollars . . . per year," (Am. Compl. ¶ 11), thus, they have satisfied one of the two elements of enterprise coverage. However, Plaintiffs fail to plead facts demonstrating that goods handled by Defendants' employees moved in interstate commerce. Plaintiffs only allege that "Chicken Lovers purchased and handled goods moved in interstate commerce," without specifying any such goods. (*Id.* ¶ 12.) These claims lack the specificity required to establish enterprise coverage. *See Singh v. Mowla*, No. 19-CV-4687, 2022 WL 17820099, at *7 (E.D.N.Y. Sept. 30, 2022) (finding no enterprise coverage where "[p]laintiffs merely allege[d] that defendant occasionally purchased out-of-state goods and materials"); *Siemieniewicz v. CAZ Contracing Corp.*, No. 11-CV-0704, 2012 WL 5183375, at *7 (E.D.N.Y. Sept. 21, 2012) (finding no enterprise coverage where plaintiff alleged that defendant "was an employer engaged in interstate commerce and/or production of goods for commerce" because plaintiff had only made a "formulaic and conclusory allegation" which tracked FLSA's text (internal quotation marks and citation omitted)); *cf. Campbell v. Canarsie Plaza Liquor Warehouse Corp.*, No. 19-CV-7125, 2022 WL 4539027, at *3 (E.D.N.Y. July 28, 2022) (finding enterprise coverage where a plaintiff gave "numerous specific examples of the items he handled that were part of interstate commerce").

Because Qi and Zhao have failed to establish either individual or enterprise coverage, their individual and collective FLSA action claims are deficient. *See Plumber & Steamfitters*

12

*Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 102 (2d Cir. 2021) ("If none of the named plaintiffs may maintain this action on their own behalf, they may not seek such relief on behalf of a class." (quoting *Britt v. McKenney*, 529 F.2d 44, 45 (1st Cir. 1976))).

Accordingly, the Court dismisses Plaintiffs' individual and collective FLSA minimum wage and overtime claims for failure to state a claim.

### c. NYLL claims

As a result of the Court's dismissal of Plaintiffs' FLSA claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' NYLL claims. *Fernandez v. Zoni Language Ctrs., Inc.*, 858 F.3d 45, 46 n.1 (2d Cir. 2017) (affirming district court's decision declining to exercise supplemental jurisdiction over state law claims after dismissing plaintiffs' FLSA minimum wage and overtime claims); *All. of Auto. Mfrs., Inc. v. Currey*, 610 F. App'x 10, 14 (2d Cir. 2015) (holding it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's constitutional claims); *One Commc'ns Corp. v. J.P. Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010) ("If all of a plaintiff's federal claims are dismissed, a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims." (citing *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 52 (2d Cir. 2009))); *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2018 WL 3742696, at *11 (E.D.N.Y. May 18, 2018) ("Courts have generally found that where an FLSA claim is dismissed, declining to exercise supplemental jurisdiction over remaining state-law claims is appropriate.").

## III. Conclusion

For the reasons stated above, the Court grants Defendants' motion and dismisses Plaintiffs' FLSA claims and declines to exercise supplemental jurisdiction over Plaintiffs' state

law claims.  The Court grants Plaintiffs leave to file a second amended complaint with respect to their FLSA claims.  Any second amended complaint must be filed within thirty days from the filing of this Memorandum and Order.  Plaintiffs can replead their state law claims if they refile their FLSA claims.  If a second amended complaint is not timely filed, the Court will direct the Clerk of Court to enter judgment and close this case.

Dated: March 24, 2023
      Brooklyn, New York

                                            SO ORDERED:

                                            s/ MKB
                                        MARGO K. BRODIE
                                        United States District Judge